UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ROBERT JAMES GRANT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-486-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

This matter is pending for consideration of Petitioner Robert James Grant's ("Grant") motion for relief from the Judgment entered June 16, 2006, denying his motion to alter, amend or vacate the sentence entered in his criminal action. [Record No. 59] For the reasons discussed herein, Grant's motion will be denied.

**I.**

Grant was indicted on January 22, 2004, and charged with illegally growing over 100 marijuana plants, being a felon in possession of firearms, possessing firearms while a fugitive from justice, and possessing a stolen firearm. [*See United States v. Grant*, U.S. Dist. Court, E.D. of Ky., Southern Div. at London, Criminal No. 6: 04-03-DCR; Record No. 1] He subsequently entered a guilty plea to the marijuana manufacturing charge and the charge of being a felon while possessing firearms. [*Id.*; Record No. 19] The written Plea Agreement and discussions during the sentencing hearing reflect that Grant reserved the right to appeal and collaterally attack his

sentence, but not his underlying guilty plea or conviction on the two charges outlined in Counts 1 and 2 of the Indictment. [*Id.*; Record Nos. 20 & 32]

Grant was sentenced on September 7, 2004, to a term of imprisonment of 262 months, to be followed by a term of supervised release of eight years. [*Id.*; Record No. 23] Grant did not file a direct appeal of his sentence. However, on September 8, 2005, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [*Id.*; Record No. 28] As grounds for the relief sought, Grant contended that his attorney was ineffective for failing to follow his instructions to appeal his sentence. Grant asserted in his § 2255 petition that one issue he wished to appeal concerned his classification as a career criminal as a result of a prior conviction improperly classified as a crime of violence. [*Id.*]

After briefing of the issues raised by Grant, former Magistrate Judge J. B. Johnson, Jr., issued a Report and Recommendation on April 11, 2006, recommending that the relief sought by Grant be denied. [*Id.*; Record No. 45] The Magistrate Judge's recommendation was subsequently adopted and Grant's habeas petition was dismissed. [*Id.*; Record No. 47]

Grant appealed the Court's denial of his § 2255 petition to the United States Court of Appeals for the Sixth Circuit. [*Id.*; Record No. 49] However, on November 27, 2006, the Sixth Circuit denied the relief requested by Grant.[1] [*Id.*; Record No. 55] The Petitioner did not did not seek further review before the Supreme Court. Instead, on June 7, 2010, Grant filed a motion

---

[1] Grant's Notice of Appeal was construed as an application for a certificate of appealability by the Sixth Circuit. In relevant part, the Court concluded that Grant had not made a substantial showing of the denial of a federal constitutional right and had failed to show that jurors of reason would disagree with the district court's resolution of his claims. [*Id.*; Record No. 55] On March 9, 2007, the Sixth Circuit denied Grant's petions for rehearing. [*Id.*; Record No. 56]

with this Court pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. As grounds for the motion, Grant relies upon the holding in *Horne v. Flores*, ___ U.S. ___, 129 S.Ct. 2579 (2009), for the proposition that relief may be granted because of a change in the law. According to Grant, it would be no longer equitable to enforce the criminal judgment against him in light of the Supreme Court's holding in *Begay v. United States*, 553 U.S. 137 (2008)[2], redefining crimes of violence for purposes of calculating sentencing guidelines.[3]

## II.

As outlined above, Grant did not file a direct appeal following imposition of his sentence on September 7, 2004. Further, his attempt to collaterally attack his sentence was rejected by this Court and the Sixth Circuit. The Sixth Circuit's opinion rejecting Grant's claims under § 2255 was issued November 27, 2006, and his request for reconsideration was denied March 9, 2007. No further appeals or challenges have been made to Grant's sentence since that time.

Rule 60(b)(5) of the Federal Rules of Civil Procedure provides that, on motion, the Court may relieve a party from the effects of a final judgment if the judgment: (1) has been satisfied, released or discharged; (2) is based on an earlier judgment that has been reversed or vacated; or (3) applying it prospectively is no longer equitable. The Petitioner has not asserted and cannot establish that his criminal judgment or the judgment entered in this civil habeas proceeding has

---

[2] *Begay* was decided by the Supreme Court on April 16, 2008. Grant's Rule 60 motion was filed on June 6, 2010 – more than two years after the decision in *Begay* became final. Thus, regardless of whether the Court applies a one year time limit or a reasonable time standard to Grant's motion, it is untimely.

[3] According to Grant, his conviction for vehicular manslaughter should not be considered a crime of violence because it was not malicious and unintentional. [*Id*.; Record No. 59, pp. 3-8] Although the Court will deny the relief sought by Grant on other grounds, it also disagrees with his assessment that the subject conviction did not involve purposeful, violent or aggressive conduct.

been vacated, reversed or set aside. Instead, he seeks to rely upon the language in the rule which indicates that the judgment may be set aside upon a finding that it would no longer be equitable to enforce it in light of the Supreme Court's recent holding in *Begay*, 553 U.S. 137. However, contrary to Grant's argument, Rule 60(b)(5) does not provide a basis for relief where one judgment relies upon an earlier judgment merely as legal precedent and that legal precedent is subsequently set aside or overturned. In other words, a change in the law following a judgment does not merit relief under this rule. 12 *Moore's Federal Practice,* § 60.46[2] (Matthew Bender 3d ed.). While some courts hold that a change in the law may be classified as a "mistake" of law made by the trial court and that relief may be available under Rule 60(b)(1), such a motion is limited to the time constraints imposed on that subsection of the rule.[4] *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985) ("This court has recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1). . . . A 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal.") As the Sixth Circuit has explained:

> There is authority for the view that the word "mistake" as used in Rule 60(b)(1) encompasses . . . judicial mistake as to applicable law. [citations omitted] Those courts that have found errors of law to be a ground for Rule 60(b)(1) relief, recognizing the effects their view has on Rule 59(e) and finality of judgments, have considered carefully what is a "reasonable time" for seeking reconsideration of a point of law . . . . [citations omitted] This court is persuaded that the better view is to allow reconsideration of a point of law under Rule 60(b)(1) when relief

---

[4] Rule 60(c) provides that a motion made under Rule 60(b) must be "made within a reasonable time – and for reasons (1), (2), and (3) no more that a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P., Rule 60(c).

Likewise, alleged legal error is not a basis for relief from a judgment under the catch-all provision of Rule 60(b)(6). *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

from judgment is sought within the normal time for taking an appeal. [citations omitted] This view serves the best interest of the judicial system by avoiding unnecessary appeals and allowing correction of legal errors if and when made and the trial court has been satisfied that an error was committed.

*Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir. 1983).

In the present case, Grant's habeas proceeding became final after he failed to appeal the Sixth Circuit's November 27, 2006, ruling to the United States Supreme Court. Thus, his motion for relief under Rule 60 was not filed until more than three years later. Under Rule 60(c), the current relief sought is clearly untimely. In addition to being untimely, this Court has previously determined that the Supreme Court's holding in *Begay* should not be applied retroactively. *United States v. Jones*, 2010 U.S. Dist. LEXIS 160, *8-*21 (E.D. Ky., Jan. 4, 2010). However, this Court need not revisit that issue to deny the relief sought here by the Petitioner.

### III.

Petitioner Robert Grant has previously filed a habeas petition seeking to challenge the identical issue he raises in his current motion: whether his sentencing guidelines were calculated correctly based on his criminal history. However, both this Court and the Sixth Circuit have rejected his claims. Grant's appeal became final when he failed to obtain review of the Sixth Circuit's determination in March 2007. It is that Court's decision that he now seeks to challenge through his Rule 60 motion. Notwithstanding Grant's arguments, the current challenge is subject to the one-year limitation contained in Rule 60(c) of the Federal Rules of Civil Procedure and, therefore, is time-barred. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Robert Grant's motion to modify his sentence pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure [Record No. 59] is **DENIED**.

2. Petitioner Grant's motion to require the United States to respond to his motion to modify, captioned "Motion for Due Process on Petitioner's Rule 60(b)(5) Motion," [Record No. 60] is **DENIED**.

3. The Clerk of the Court is also directed to file a copy of this Memorandum Opinion and Order in Criminal Action No. 6: 04-03 styled, *United States v. Robert James Grant.*

This 19th day of July, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge